```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____
                              )
BRYAN HUBBARD and             )
DAISA M. ROBINSON,            )
                              )
     Plaintiffs,              )
                              )
v.                            )
                              )   No. 22-cv-2080-TLP-tmp
DARRIN JAY RIDENOUR and       )
RAILSERVE, INC.,              )
                              )
                              )
     Defendants.              )
_____

                ORDER GRANTING MOTION TO COMPEL
_____
```

Before the court by order of reference is a motion to compel filed by plaintiffs Bryan Hubbard and Daisa M. Robinson on December 21, 2022. (ECF Nos. 33, 34.) Defendant Railserve, Inc. ("Railserve") has not filed a response to the motion. For the reasons below, the motion is GRANTED.

Plaintiffs served their first set of interrogatories and requests for production on Railserve on August 21, 2022. (ECF No. 33 at PageID 227.) Responses were due on September 20, 2022. (ECF No. 22 at PageID 166.) Because Railserve had not responded to the discovery requests, counsel for plaintiffs emailed counsel for Railserve on October 12, 2022, October 17, 2022, October 27, 2022, and October 31, 2022. (ECF No. 33 at PageID 227-28.) They also called and left a voicemail for Railserve's counsel on October 27,

2022, and sent a letter via United States Postal Service on October 31, 2022. (Id. at PageID 228.) On November 2, 2022, counsel for Railserve sent the following email to plainitff's counsel: "There's been some turnover at Marmon and we are trying to get the right people to get the information. Chase has been doing most of the communication, so he can give you a better timeline, but I promise we are working on it. Sorry for the delay." (ECF No. 33-1 at PageID 233.) Plaintiff sent two more emails to counsel for Railserve on November 10, 2022, and November 23, 2022, regarding the lack of discovery responses. (ECF No. 33 at PageID 227.) On December 6, 2022, counsel for plaintiffs and an attorney for Railserve spoke via telephone. (Id. at PageID 228.) Counsel for Railserve stated that he would provide plaintiffs' counsel with a timetable for responding to the discovery by the end of the day. (Id.) On December 11, 2022, plaintiffs' counsel had not received that timetable and emailed counsel for Railserve to follow up. (Id.) On December 21, 2022, plaintiffs' counsel had still received no response from counsel for Railserve, and as a result, filed the present Motion to Compel. As of January 9, 2023, Railserve has failed to respond to the motion.

As provided by Local Rule 7.2(a)(2), failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion. Because Railserve has failed to respond to plaintiffs' Motion to Compel,

-2-

the motion is hereby GRANTED. Railserve is ordered to respond to plaintiffs' interrogatories and requests for production of documents within ten days. Any objections that Railserve may have had are hereby waived.

Plaintiffs also seek attorney's fees associated with preparing and prosecuting their motion to compel. (ECF No. 33 at PageID 228.) Rule 37(a)(5)(A) provides that if the court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Counsel for plaintiffs attempted several times to obtain discovery without seeking court intervention, and Railserve has not offered any justification to the court for their failure to respond to the discovery requests. Accordingly, the motion for attorney's fees is GRANTED. Plaintiffs are directed to submit a declaration with accompanying invoices showing fees incurred in connection with the instant Motion to Compel. Further, should

Railserve fail to comply with the Federal Rules of Civil Procedure, Local Rules, or this court's orders in the future, they may be subject to sanctions, including but not limited to attorney's fees and/or the striking of their answer.

    IT IS SO ORDERED.

<div style="margin-left: 50%;">
s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 9, 2022
Date
</div>