```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____
                                    )
**BRYAN HUBBARD and**               )
**DAISA M. ROBINSON,**              )
                                    )
     **Plaintiffs,**                )
                                    )
**v.**                              )
                                    )   No. 22-cv-2080-TLP-tmp
**DARRIN JAY RIDENOUR and**         )
**RAILSERVE, INC.,**                )
                                    )
                                    )
     **Defendants.**                )
_____

**ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION TO COMPEL**
_____

Before the court by order of reference is a second Motion to Compel filed by plaintiffs Bryan Hubbard and Daisa M. Robinson on February 14, 2023. (ECF No. 53.) Defendant Railserve, Inc. ("Railserve") filed a response on February 28, 2023, and plaintiffs filed a reply on March 10, 2023.[1] (ECF Nos. 59, 63.) For the reasons below, the motion is GRANTED in part and DENIED in part.

                    **I.   BACKGROUND**

**A.   First Motion to Compel**

Plaintiffs served their first set of interrogatories and requests for production ("RFPs") on Railserve on August 21, 2022.

---

[1] In their response, Railserve requested a hearing. The undersigned finds that a hearing is unnecessary and that the motion can be decided on the briefs.

(ECF No. 53 at PageID 340.) Responses were due on September 20, 2022. (Id.) Because Railserve had not responded to the discovery requests, counsel for plaintiffs emailed counsel for Railserve on October 12, 2022, October 17, 2022, October 27, 2022, and October 31, 2022. (ECF No. 33 at PageID 227-28.) They also called and left a voicemail for Railserve's counsel on October 27, 2022, and mailed a letter on October 31, 2022. (Id. at PageID 228.) On November 2, 2022, counsel for Railserve sent the following email to plaintiffs' counsel: "There's been some turnover at Marmon and we are trying to get the right people to get the information. Chase has been doing most of the communication, so he can give you a better timeline, but I promise we are working on it. Sorry for the delay." (ECF No. 33-1 at PageID 233.) Plaintiffs sent two more emails to counsel for Railserve on November 10, 2022, and November 23, 2022, regarding the lack of discovery responses. (ECF No. 33 at PageID 227.) On December 6, 2022, counsel for plaintiffs and an attorney for Railserve spoke via telephone. (ECF No. 53 at PageID 340.) Counsel for Railserve stated that he would provide plaintiffs' counsel with a timetable for responding to the discovery by the end of the day. (Id.) By December 11, 2022, plaintiffs' counsel had not received that timetable and emailed counsel for Railserve to follow up. (ECF No. 33 at PageID 228.) As of December 21, 2022, plaintiffs' counsel had still received no response from counsel for Railserve, and as a result, filed a motion to compel that was

-2-

referred to the undersigned.[2] (ECF No. 34.) Railserve failed to respond to the motion, as required by Local Rule 7.2(a)(2).

On January 9, 2023, the undersigned entered an order granting the plaintiffs' first Motion to Compel. (ECF No. 38.) The order directed Railserve to respond to plaintiffs' interrogatories and RFPs within ten days and that "[a]ny objections that Railserve may have had are hereby waived." (Id. at PageID 271.) Further, the undersigned granted plaintiffs' motion for attorney's fees and directed plaintiffs to submit a declaration with accompanying invoices showing fees incurred in connection with the Motion to Compel. (Id.) Railserve did not timely appeal the January 9 Order.

On January 26, 2023, plaintiffs' attorneys provided the necessary declarations and invoices to support their request for attorney's fees in connection with their first Motion to Compel. (ECF No. 42, 45.) On February 1, 2023, the undersigned entered a Report and Recommendation recommending that attorney's fees be awarded in the amount of $3,240. (ECF No. 48 at PageID 328.)

On February 10, 2023, Stephen McDonald, an attorney at Lewis Brisbois Bisgaard & Smith, one of the two firms representing

---

[2] On December 28, 2022, Railserve's counsel sent via email documents Bates stamped 00001-000368 to plaintiffs' counsel. (ECF No. 53 at PageID 341.) The documents were produced without reference to which request the documents were responsive to. (Id.) Because Railserve did not respond to the first Motion to Compel, the undersigned was not aware of this production.

Railserve, filed a notice of appearance.[3] On February 15, 2023, Railserve filed an objection to the Report and Recommendation. (ECF No. 55.) Even though the Report and Recommendation only addressed the amount of attorney's fees to be awarded, defense counsel raised objections to determinations made in the January 9 Order granting the Motion to Compel. Railserve argued that the undersigned relied on erroneous findings of fact because the court was not made aware of the December 28, 2022 production. (Id. at PageID 497.) They also argued that the undersigned's determination that all of Railserve's objections had been waived was overly broad to the extent that it required the disclosure of privileged documents. (Id.)

In their objections, Railserve explained that they had failed to respond to the Motion to Compel because one of the attorneys went on paternity leave on January 2, 2023. (Id. at PageID 500.) The response to the Motion to Compel was due January 7, 2023. (Id.) Railserve does not explain why their other counsel of record was unable to respond to the motion or appeal the January 9 Order. The Report and Recommendation on the amount of attorney's fees remains pending.

B.   **Second Motion to Compel**

---

[3]Railserve's response explains that Attorney McDonald began working on the case in mid-January. (ECF No. 59 at PageID 581.)

On January 19, 2023, defendants provided plaintiffs' counsel with a document titled "Defendant Railserve, Inc.'s Responses to Plaintiffs' First Interrogatories and Requests for Production of Documents." (ECF No. 53 at PageID 342.) Plaintiffs also received a set of documents Bates stamped 369-593, which included "the Ameritrack Safety Manual, the 911 call report, the Internal Crash Investigation Incident Report, the AT&T Customer Authorization for Release of Records, the police report including one photo, and the EMS ambulance records of plaintiff." (Id.) On January 25, 2023, plaintiffs' counsel sent Railserve's counsel a detailed letter regarding the deficiencies in the responses to the interrogatories and the RFPs. (Id.) The letter stated, "If I have not received supplemental and sufficient responses to the above within ten (10) business days of the above date, we will file another Motion to Compel and request additional sanctions." (ECF No. 53-3 at PageID 442.)

As of February 6, 2023, plaintiffs' counsel had not received a response to the January 25 letter, and as a result called Railserve's counsel to follow up. (ECF No. 53 at PageID 343.) Plaintiffs' counsel also sent an email the same day that confirmed Railserve's agreement to provide documents by February 8, 2023. (Id.) On February 8, 2023, defense counsel supplemented their responses to plaintiffs' interrogatories and RFPs. (Id.) The

documents provided were not Bates stamped, nor did they identify which request each document was responsive to. (Id.)

On February 14, 2023, plaintiffs filed the instant motion. (ECF No. 53.) The following interrogatories and RFPs remain in dispute: Interrogatories 2, 6, and 11, and RFPs 2 and 4. Railserve asserts they have provided every responsive document in their possession and the documents that they do not have are currently being retrieved and reviewed. (ECF No. 59 at PageID 589.) The bulk of Railserve's response is dedicated to challenging the January 9 Order to the extent it found that Railserve's privilege and work product objections had been waived. Plaintiffs argue that the "waiver" should be upheld because of "Railserve's sustained and ongoing refusal to provide information that was due on September 20, 2022." (ECF No. 63 at PageID 606.) Plaintiffs also seek attorney's fees in connection with the second Motion to Compel. (Id. at PageID 608.)

## II.  ANALYSIS

Plaintiffs argue that the January 9 Order granting plaintiff's Motion to Compel included documents potentially protected by attorney-client privilege and work product. Rule 34(b) gives parties thirty days from the date of service to respond to discovery requests. Fed. R. Civ. P. 34(b)(2). This thirty-day period includes the time that a party has to raise objections to discovery requests. Cooey v. Strickland, 269 F.R.D. 643, 647 (S.D.

Ohio 2010). A party's "failure to respond within that thirty-day period operates as a waiver of all objections a party might have." Id. (internal citations omitted). However, this general rule does not always apply to attorney-client privilege and work product objections.

In certain situations, "[t]he complete failure of a responding party to provide a privilege log may . . . result in a waiver of the claimed privilege." Brown v. Tax Ease Lien Servicing LLC, No. 3:15-CV-208-CRS, 2017 WL 6940735, at *4 (W.D. Ky. Aug. 21, 2017) (citing Ritacca v. Abbott Lab., 203 F.R.D. 332, 334-35 (N.D. Ill. 2001) (citation omitted)); see also Etheredge v. Etheredge, No. 1:12-0165, 2013 WL 4084642, at *4 (M.D. Tenn. Aug. 12, 2013) ("to assert any privilege, the Defendants had to prepare and serve a privilege log, and their failures to do so constitute waivers of these privileges."). Such a waiver, however, is not automatic given the harshness of such a result. Factory Mut. Ins. Co. v. Derby Indus., LLC, No. 3:17CV-00198-JHM-RSE, 2018 WL 11412924, at *3 (W.D. Ky. Sept. 18, 2018) (citing First Sav. Bank, F.S.B. v. First Bank System, Inc., 902 F. Supp. 1356, 1361-62 (D. Kan. 1995)). Minor procedural violations, good faith attempts at compliance, and other mitigating circumstances militate against finding waiver. Id. (citing Ritacca, 203 F.R.D. at 335). On the other hand, evidence of foot-dragging or a cavalier attitude toward

following court orders and the discovery rules supports finding waiver. Id.

Here, the first Motion to Compel did not specifically discuss the issue of waiver of attorney-client privilege and work product, and the January 9 Order did not specifically find such a waiver. Although Railserve's handling of discovery has been deficient, particularly their failure to respond to the first Motion to Compel, it does not justify the automatic waiver of privilege and work product objections. Railserve is directed to fully respond to plaintiffs' interrogatories and RFPs within ten days of the entry of this Order. Along with these responses, Railserve must provide a complete privilege log. As to all other objections, the January 9 Order finding waiver remains in effect. As to plaintiffs' request for attorney's fees, based on the court's finding that Railserve's privilege and work product objections have not been waived, as well as Railserve's recent efforts to comply with discovery, the undersigned finds that an award of attorney's fees and costs is not warranted at this time.

### III. CONCLUSION

Plaintiffs' second Motion to Compel is GRANTED in part and DENIED in part. Further, should Railserve fail to comply with the Federal Rules of Civil Procedure, Local Rules, or this court's orders in the future, they may be subject to sanctions, including

but not limited to attorney's fees and/or the striking of their answer.

    IT IS SO ORDERED.

                                      s/ Tu M. Pham  
                                      TU M. PHAM  
                                      Chief United States Magistrate Judge

                                      April 10, 2023  
                                      Date